

June 13, 2016

VIA ECF
Honorable Joseph F. Bianco
United States Courthouse for the Eastern District of New York
100 Federal Plaza, Courtroom 920
Central Islip, New York 11722

Re: Shahzad and Nasreen v.  Canyon Properties Inc., et.al./16-CV-2233 (JFB)

Dear Honorable Justice Bianco,

Our office represents the Defendants, MPS Properties and MP Singh in the above captioned matter.

Kindly allow this correspondence to serve as a pre-motion letter request to file a Motion to Dismiss the Plaintiffs' complaint for failing to state a cause of action in this matter.  This letter is being submitted in accordance with your Honor's individual rules.  The Plaintiffs extended our time to answer the complaint to June 24, 2016.

This is a wage and hour case where the Plaintiffs are alleging violations of the Fair Labor Standards Act and the New York Labor Law for improper pay practices.  There are a number of Defendants named in the lawsuit, presumably to encapsulate the number of businesses and/or Dunkin Donuts location involved.  We only represent one Dunkin Donuts location, MPS Properties owned by MP Singh.  We have no affiliation with any of the other named entities.  The Plaintiffs are alleging, in essence, that they were forced to work "70 to 90 hours" per week without being paid overtime hours and were forced to punch in for their work day under "names of former employees" at times.  (See Complaint ¶46, 47 and 55).  The Complaint does not particularize which business locations the plaintiffs were allegedly subjected to these practices at nor the specific weeks that overtime is claimed for.

The standard of review for this motion is governed by Federal Rule of Civil Procedure 12.  On a motion to dismiss, under Federal Rule 12, the court must accept a plaintiff's factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor." See *Gonzalez v. Caballero*, 572 F.

775 park avenue, suite 255
huntington, new york 11743
t 631.423.3440
f 631.824.9028
yasmin.soto@alilawgroup.com
www.alilawgroup.com

Supp. 2d 463, 466 (S.D.N.Y. 2008); see also *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008).

It is respectfully submitted that the Plaintiffs' complaint is vague and fails to include the necessary facts to show a plausible claim is being made in the instant matter, an undisputed obligation of the plaintiffs'. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations asserted in the complaint must be sufficient to rise above a level of speculation. *Id*.

Here the both Plaintiffs allege they worked between 70 and 90 hours per week, but were only paid for a "fraction of those hours." (See Complaint at para.44). Also, that they "clocked in and out for many of the hours" they worked, but were directed by "Defendants" to work at "other Dunkin Donuts stores" in which they were direct not to clock in or out. (Complaint ¶45). Plaintiffs also claim when they were both directed to work at a "second" Dunkin Donuts store after finishing a shift, they were directed not to clock in or out. (Complaint ¶53). Further, that both plaintiffs worked up to 30 hours per week at "these other stores" and did not receive any pay for that work. (Complaint ¶53). While Plaintiff's complaint contained a couple of examples of weeks where the Plaintiffs were shortchanged certain hours (Complaint ¶48-50), there is no other articulation of the weeks involved and there is no identification of the Dunkin Donuts location(s) involved. Furthermore, the plaintiff simply recites the statutory definition in alleging the Defendants were an enterprise engaged in commerce. (See Complaint ¶21). No other facts are alleged in this regard.

Based upon the above, it is respectfully requested that this Honorable Court grant the Defendants, MPS Properties Inc. and MP Singh permission to file a Motion to Dismiss for failure to state a cause of action.

We thank you for your consideration of this request.

                                                                                     Very Truly Yours,
                                                                                         /s/
                                                                                 Yasmin D. Soto (YS 6523)