UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ABIDA NASREEN and KHURRAM SHAHZAD, *on behalf of themselves and other similarly situated employees*,

       Plaintiffs,

 -against-

CANYON PROPERTIES, INC., CANYON PROPERTIES, LLC, CANYON PROPERTIES II, LLC, HO 110 INC., LBBC DONUTS LLC, RONALD PORTNOY, CANYON DONUTS BELLMORE, INC., CANYON DONUTS PLAINVIEW, INC., CANYON DONUTS SEAFORD, INC., JOHN DOE III-X, *members of Defendant Limited Liability Corporations*, JOHN DOE XI-XX, *entities that control, own, or are otherwise affiliated with Defendant Corporations and/or Limited Liability Corporations*, JOHN DOE I and JOHN DOE II, *individual shareholders of Defendant entities who are one of the ten largest shareholders and/or who took an active role in managing employees*,

       Defendants.
------------------------------------------------------------------------x

**ORDER**
16-CV-2233 (SIL)

**LOCKE, Magistrate Judge:**

  In December 2016, the parties submitted two joint motions seeking approval of two settlement agreements in this Fair Labor Standards Act action. *See* Docket Entry ("DE") [57, 58]. The first settlement agreement is between Plaintiffs Abida Nasreen and Khurram Shahzad ("Plaintiffs") and Defendants Canyon Properties, LLC, Ronald Portnoy, Canyon Donuts Bellmore, Inc., Canyon Donuts Plainview, Inc., and Canyon Donuts Seaford, Inc. (collectively "Canyon Defendants," with the settlement agreement between the parties referred to as the "Canyon Settlement Agreement"). *See* DE [57]. The second settlement agreement is between Plaintiffs

and Defendant HO 110 Inc. (the "HO 110 Settlement Agreement"). *See* DE [58]. At a January 30, 2017 hearing, the Court denied both motions without prejudice to renew as they contained overbroad release provisions in violation of the Second Circuit opinion in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and because the parties did not submit documentation substantiating their request for attorneys' fees. *See* DE [60]. Thereafter, the parties submitted a revised Canyon Settlement Agreement and HO 110 Settlement Agreement which contained permissible release provisions consistent with this Court's directive, and attached a summary of the work performed by Plaintiffs' counsel. *See* DE [62, 63]. However, neither the revised Canyon Settlement Agreement nor the revised HO 110 Settlement Agreement was signed by any party. *Id.* As such, the Court again denied the renewed motions for approval of the settlement agreements with leave to resubmit, and directed the parties to submit fully executed agreements for the Court's review. *See* Electronic Order dated 2/7/2017.

On March 13, 2017, the parties filed a second revised Canyon Settlement Agreement. *See* DE [64]. Although the agreement was signed by both Plaintiffs, the only signature for any of the Defendants was by Ronald Portnoy on behalf of "Canyon Donuts," which is not a named party in this matter. *See id.* As such, the Court again denied with leave to renew the motion for approval, instructing the parties to file a fully executed Canyon Settlement Agreement that includes the signature of all Canyon Defendants. *See* Electronic Order dated 3/24/2017. On April 3, 2017, the parties jointly filed a motion for settlement approval of the third revised Canyon

Settlement Agreement, which was fully executed.  *See* DE [68].  Regarding the HO 110 Settlement Agreement, the parties submitted a fully signed second revised agreement on March 21, 2017.  *See* DE [66].

Having reviewed the third revised Canyon Settlement Agreement and second revised HO 110 Settlement Agreement, the Court finds that their terms are fair and reasonable.  *See Cheeks*, 796 F.3d 199; *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (requiring that a district court scrutinize an FLSA settlement agreement to determine that it is fair and reasonable).  As such, the joint motions for approval are granted, and this case is hereby closed.

Dated:    Central Islip, New York      **SO ORDERED**
        April 5, 2017

                                                                         <u>s/ Steven I. Locke</u>
                                                                         STEVEN I. LOCKE
                                                                         United States Magistrate Judge